**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BIN BIN YANG,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

No. 06-70104

Agency No. A095-708-276

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 6, 2009
Pasadena, California

Before:  BRIGHT,[**] BYBEE, and M. SMITH, Circuit Judges.

Bin Bin Yang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order affirming an immigration judge's decision to

---

[*]  This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]  The Honorable Myron H. Bright, Senior United States Circuit Judge
for the Eighth Circuit, sitting by designation.

deny his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") on the basis of adverse credibility determinations. We have jurisdiction under 8 U.S.C. § 1252. After reviewing the factual findings for substantial evidence, see Singh v. Gonzales, 439 F.3d 1100, 1105 (9th Cir. 2006), we deny the petition for review.

The record does not compel reversal of the adverse credibility determinations because Yang testified inconsistently regarding his claim that family planning authorities attempted to force his fiancée to undergo an abortion. See 8 U.S.C. § 1158(b)(1)(B)(iii) (providing that under the REAL ID Act, an immigration judge may base a credibility determination on the consistency of the applicant's statements, regardless of whether it goes to the heart of the applicant's claim); Kaur v. Gonzales, 418 F.3d 1061, 1067 (9th Cir. 2005) (inconsistencies deprive an applicant's testimony of the requisite "ring of truth"). The record also establishes that Yang did not provide a credible explanation for why he failed to provide documentary evidence in support of his claim. See Sidhu v. INS, 220 F.3d 1085, 1091 n.3 (9th Cir. 2000) (holding that an immigration judge could determine that an applicant's explanation for a lack of corroboration was not credible).

In the absence of credible testimony, Yang failed to demonstrate eligibility for asylum or withholding of removal. See Farah v. Ashcroft, 348 F.3d 1153, 1156

2

(9th Cir. 2003). Furthermore, because Yang's CAT claim relies on the same evidence the immigration judge found not credible, and he does not point to additional evidence to show it is more likely than not that he would be tortured if he returned to China, his CAT claim fails. See id. at 1157.

**PETITION FOR REVIEW DENIED**.